**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ADR INTERNATIONAL LIMITED, | § | |
| | § | |
| v. | § | C.A. No. _4:22cv1914_____ |
| | § | |
| INSTITUTE FOR SUPPLY MANAGEMENT, | § | |
| INC. AND INSTITUTE FOR SUPPLY | § | |
| MANAGEMENT - HOUSTON, INC. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**AND APPLICATION FOR PRELIMINARY INJUNCTION**

Plaintiff ADR International Limited ("Plaintiff" or "ADR") hereby files its Original Complaint and Application for Preliminary Injunction against Defendants Institute for Supply Management, Inc. ("ISM") and Institute for Supply Management - Houston, Inc. ("ISM-Houston") (collectively "Defendants"):

## I.   INTRODUCTION

1.     This case arises from Defendants' willful copyright infringement and repeated violations of the Digital Millennium Copyright Act ("DMCA").

2.     ADR offers in-person and online training courses for procurement professionals. As part of its business operations, ADR licenses its training materials (such as PowerPoints) to third parties around the world who pay a substantial fee for the exclusive right to use ADR's intellectual property in a particular territory.  ADR also trains clients directly in non-licensed territories.

3.     ISM acquired ADR's licensee for North America in 2012.  But after numerous breaches of the North American license agreement following the ISM acquisition, ADR terminated the North American license in 2016.

1

4.      ISM then became a competitor to ADR.  Like ADR, ISM offers in-person and online training courses to businesses and individuals, and ISM provides training materials and presentations to clients as part of those courses.

5.      In 2020, ADR received a marketing e-mail about one such webinar being offered by ISM.  The e-mail attached a "Variable Cost Analysis" presentation that ADR recognized, because the ISM presentation copied ADR's training materials on the same subject.  ADR confronted ISM, which claimed that the similarities were merely coincidental, because—according to ISM—its "investigation" had uncovered no evidence of ISM personnel having access to or copying ADR training materials.  ISM stated further that ADR could "rest assured that ISM appreciates the importance of intellectual property and maintains appropriate controls within its organization to guard against misuse."

6.      Whoever conducted ISM's "investigation" did not look very hard.  A review of ISM's publicly available webinars and e-Learning courses shows that most (and quite possibly *all*) of them use ADR's copyrighted training materials. Consider the following side-by-side comparison of exemplar ADR and ISM slides, which shows that ISM repeatedly copied the language and presentation from ADR's slides while making superficial changes to wording, colors, graphics, and layout:

















**ADR Slide:**



**ISM Slide:**



**ADR Slide:**



**ISM eLearning Screenshot:**



7.     ISM and its individual chapters, such as ISM-Houston, continue distributing ADR's copyrighted training materials—and falsely passing them off as original ISM work product—despite notice of infringement.  To make matters worse, ISM has willfully altered the slides by removing the legend identifying them as copyrighted works owned by ADR.  This fraudulent conduct is a blatant violation of both the Copyright Act and the DMCA.

8.     It is clear that Defendants' deceptive conduct will continue without intervention from this Court.  ADR therefore brings this action for injunctive relief and to recover damages for Defendants' repeated copyright infringement and alterations of ADR's training materials in violation of the DMCA.

## II.     PARTIES

9.     ADR is organized under the laws of the United Kingdom and maintains its principal place of business at Chiltern House, Station Road, Henley-on-Thames, Oxfordshire, RG9 1AT, United Kingdom.

10.     ISM is organized under the laws of the state of Arizona and maintains its principal place of business at 309 W Elliot Road, Suite #113, Tempe, Arizona, 85284.  It can be served through its registered agent, Andrew Western, at 2929 N. Central Avenue, 21st Floor, Phoenix, Arizona 85012.

11.     ISM-Houston is incorporated under the laws of the state of Texas and maintains its principal place of business at 12130 Galveston Road, Houston, Texas 77058.  It can be served through its registered agent, Edward M. Wahowski, at 10111 Old Towne Lane, Sugar Land, Texas 77498.

### III.   JURISDICTION AND VENUE

12.    This Court has original subject-matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) because ADR asserts claims for copyright infringement under 17 U.S.C. § 101, *et seq.*, and 17 U.S.C. § 1201, *et. seq*.

13.    In the alternative, this Court has original subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because the claims are between diverse parties and ADR seeks damages in excess of $75,000.

14.    This Court has personal jurisdiction over ISM because it has continuously, substantially, and intentionally availed itself of the Texas market and directed its activities at the residents of this forum.  ISM offers online training courses in addition to in-person training courses in "face-to-face classrooms."  Its website is interactive and commercial in nature: it processes credit card information, allows online orders, promotes registration for memberships and trainings (both in-person and virtual), and offers customizable online learning catalogs.  ISM conducts its business over the Internet and, upon information and belief, regularly conducts business in the state of Texas and this district and engages in repeated online contacts with forum residents.

15.    This Court has personal jurisdiction over ISM-Houston because it is incorporated in Texas, has its principal place of business in this district, and regularly conducts business in the state of Texas and this district.  ISM-Houston is a chapter of ISM, and it offers ISM's virtual and in-person trainings and networking opportunities to its members.  This Houston chapter has more than 1,200 members and, upon information and belief, improperly distributes ADR's work locally.

16.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

10

## IV.   STATEMENT OF FACTS

17.    ADR is a United Kingdom entity that designs and delivers procurement training materials for clients around the world.  These materials include PowerPoint and online e-Learning presentations that are licensed to third parties (with territorial exclusivity provisions) and used for ADR's own training courses in non-licensed territories.  ADR has served more than 1,500 clients in over 90 countries and has trained more than 50,000 people.

18.    ADR has undergone several rounds of corporate restructuring.  The initial ADR entity—called ADR International Purchasing Consultants Limited ("ADR IPC")—sold its intellectual property and related licenses to ADR Enterprises Limited ("ADR Enterprises").  ADR IPC later repurchased these materials from ADR Enterprises.  ADR Europe Limited and ADR IPC were later consolidated into ADR International Limited, which is currently the sole owner and licensor of the copyrighted materials at issue.

19.    ADR[1] formerly had a North American affiliate called ADR North America, LLC ("ADR North America").  ADR granted ADR North America an exclusive license to use ADR's intellectual property, including copyrighted works such as PowerPoint slides and e-Learning presentations, in the United States.

20.    In 2012, ISM acquired ADR North America.  ISM is the largest "not-for-profit" professional supply management organization in the world, with over 50,000 members across 100 countries.  Based on its public financial disclosures, ISM generates more than $16 million in annual revenues and pays six-figure salaries to its senior executives.

21.    Due to the 2012 acquisition, ISM gained access to the ADR training materials licensed to ADR North America.  Following numerous breaches of the North American license

---

[1]    For the sake of simplicity, the Introduction and Statement of Facts in this Complaint refer generally to ADR International Limited and its predecessors-in-interest as "ADR."

agreement, however, ADR terminated that license in 2016.  ISM assured ADR after the license termination that "no unlawful use of [ADR's] proprietary materials is being made by [ISM]."

22.    In 2020, ISM sent a marketing email attaching a "member exclusive" Variable Cost Analysis ("VCA") Template.  Although ISM changed the title of the slide, it directly copied ADR training materials on the same subject.  ADR confronted ISM, but ISM claimed that it no longer had access to ADR's materials, so the similarities were merely coincidental.

23.    ISM's representations were false.  Even a cursory review of ISM's publicly available materials reveals prevalent copying of ADR's proprietary work—stripped of attribution to ADR but falsely giving credit to ISM—in ISM's presentations.  For example, almost 40% of the slides in ISM's "Cost & Price Segmentation" training presentation are copied from ADR's copyrighted training materials.  ISM changes the color of a graph here, or the size of a chart there, in a futile attempt to disguise how it is copying its competitor.  Such efforts are a thin veil over the facially obvious copying, as evidenced by recurring instances of verbatim or nearly verbatim text and presentation choices.  The similarities are no coincidence.

24.    ISM improperly uses ADR materials in at least seven other courses—and that is just the tip of the iceberg, for ISM offers numerous in-house client workshops, webinars, and online trainings (such as e-Learnings) that are not publicly accessible.  ISM is believed to offer thousands of trainings per year, charging between several hundred and several thousand dollars per person for its trainings.  ISM also makes its training presentations available online to its clients, whom it charges substantial fees for the right to access presentations that copy ADR's work.

25.    Instead of paying a licensing fee for the right to use ADR's work—as ISM's subsidiary ADR North America did before the North American license was terminated in 2016— ISM has chosen to infringe upon ADR's copyrights and present its copycat works at least hundreds

(and likely thousands) of times per year to countless conference attendees, trainees, and members. Yet when confronted about these actions, ISM either buried its head in the sand or outright lied about not having copied ADR's proprietary training materials.  ISM's false representations cannot withstand scrutiny in light of the obvious copying of ADR's work.

26.     In short, ISM and its individual chapters repeatedly distribute ADR's protected materials to large audiences for substantial fees and with utter disregard for ADR's intellectual property rights.  Court intervention is necessary to stop the flagrant abuses.

<strong>V.      CLAIMS FOR RELIEF</strong>

<strong>COUNT ONE: COPYRIGHT INFRINGEMENT</strong>

27.     ADR incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

28.     ADR owns two valid copyright registrations in its training materials, which include PowerPoint presentations and slides (Nos. TXu002303869 and TXu002303872).  ADR owns the infringed-upon works.

29.     Defendants copied one or more constituent and original elements of ADR's copyrighted training materials.  By reproducing and displaying these core protected elements without authorization, Defendants infringed upon each of ADR's two copyrights.

30.     Defendants copied, reproduced, and displayed these works after ADR demanded that they cease all use of its brand, copyrighted works, and intellectual property.  This behavior demonstrates the infringement was willful and intentional.

31.     The infringement occurred in violation of federal copyright law, with knowledge that ADR had not authorized the copying, reproduction, display, and distribution, and with knowledge that no license or assignment had been granted by ADR.

32.     ADR is entitled to injunctive relief, actual damages, and Defendants' profits per work pursuant to 17 U.S.C. § 504(b)–(c).

33.     ADR is entitled to recover its costs pursuant to 17 U.S.C. § 505.

## COUNT TWO: DMCA VIOLATIONS

34.     ADR incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

35.     Defendants' infringing materials copy, reproduce, and display text from ADR's copyrighted training materials, stripped of any notice of copyright, the author's name, surrounding literary text, or other information identifying the work or the author of the work.  Defendants replaced this information with ISM's name and logo, falsely claiming to be the author and copyright owner of the infringing materials.

36.     The removed or altered information constitutes copyright management information ("CMI") under 17 U.S.C. § 1202(c).

37.     Defendants distribute works and/or copies of the works knowing that CMI had been removed, altered, and/or falsified without authority of the copyright owner or the law.

38.     Defendants had reasonable grounds to know that the distribution would induce, enable, facilitate, or conceal an infringement of rights under federal copyright law.  Defendants continue to present and distribute the protected works potentially thousands of times a year.

39.     These actions constitute a violation of 17 U.S.C. § 1202(a)–(b).

40.     ADR is entitled to injunctive relief and either actual damages and Defendants' profits or, upon its election, statutory damages per violation under 17 U.S.C. § 1203(c)(2)–(3).

41.     ADR is entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 1203(b)(4)–(5).

## VI.    APPLICATION FOR PRELIMINARY INJUNCTION

42.    ADR incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

43.    A preliminary injunction is needed to prevent Defendants from continuing to use, reproduce, display, and distribute ADR's copyrighted training materials.

44.    ADR has a substantial likelihood of success on the merits.  Defendants infringed upon each of ADR's two copyrights by reproducing and displaying ADR's works without authorization.  Defendants distributed—and continue to distribute—these works knowing that CMI had been removed, altered, and/or falsified without authority of the copyright owner or the law.  These actions violate federal copyright law.

45.    ADR faces a substantial threat of irreparable injury.  Unless Defendants are enjoined from distributing ADR's copyrighted work, ADR will be immediately and irreparably harmed by the further degradation of its intellectual property.

46.    The balance of hardships favors entry of an injunction.  A preliminary injunction would prevent irreparable injury to ADR and the injury to Defendants, if any, will be insignificant.

47.    The injunction will not disserve the public interest.  Instead, the injunction will preserve the integrity of copyright laws, which encourage individual effort and creativity by granting enforceable rights.

## VII.    ATTORNEY'S FEES

48.    Pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203, ADR is entitled to recover its attorneys' fees and costs of court.

## VIII.   JURY DEMAND

49.    ADR demands a trial by jury.

## IX.   PRAYER

50.    ADR prays for judgment against Defendants as follows:

- Actual damages and Defendants' profits associated with the copyright infringement of each work;

- Statutory damages based on violations of Section 1202 of the DMCA of a sum not less than $2,500 or more than $25,000 per violation; or, alternatively, actual damages and ISM's profits associated with the DMCA violations;

- Preliminary and permanent injunctions prohibiting ISM, ISM-Houston, or their agents from:

  o Copying, distributing, using, performing, reproducing, or displaying ADR's copyrighted procurement training materials or original elements of the same;

  o Creating any derivative works based on ADR's copyrighted procurement training materials or original elements of the same without first obtaining a valid license or assignment from ADR allowing such creation; or

  o Otherwise engaging in any action to infringe upon ADR's copyrighted works.

- Reasonable and necessary attorneys' fees and costs of court;

- Pre-judgment and post-judgment interest at the highest rates allowed by law; and

- Any such other relief at law or in equity to which ADR shows itself justly entitled.

16

Date:  June 10, 2022

Respectfully submitted,

**BECK REDDEN, LLP**

By:   /s/ *Matthew P. Whitley*
        Matthew P. Whitley (attorney-in-charge)
        Texas Bar No. 24037703
        mwhitley@beckredden.com
        Hannah L. Roblyer
        Texas Bar No. 24106356
        hroblyer@beckredden.com
        Barbara B. DePeña
        Texas Bar No. 24109805
        bdepena@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720

**QUISENBERRY LAW PLLC**

C. Dale Quisenberry
Texas Bar No. 24005040
dale@quisenberrylaw.com
13910 Champion Forest Drive, Suite 203
Houston, Texas 77069
Telephone:  (832) 680-5000
Facsimile:  (832) 680-5555

**ATTORNEYS FOR PLAINTIFF**
**ADR INTERNATIONAL LIMITED**