United States District Court
Southern District of Texas

**ENTERED**

February 27, 2023

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ADR INTERNATIONAL LIMITED, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | NO. 4:22-cv-1914 |
| | § | |
| INSTITUTE FOR SUPPLY | § | |
| MANAGEMENT, INC. and | § | |
| INSTITUTE FOR SUPPLY | § | |
| MANAGEMENT – HOUSTON, INC., | § | |
| | § | |
| *Defendants.* | § | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ORIGINAL
COMPLAINT**

Before the Court is Institute for Supply Management, Inc.'s ("ISM") and

Institute for Supply Management – Houston, Inc.'s ("ISM-Houston") (collectively,

"Defendants") motion to dismiss Plaintiff's Original Complaint. Mot. Dismiss

Compl., ECF No. 20.[1] Plaintiff ADR International Limited ("ADR" or "Plaintiff")

filed this action based on its copyrighted training materials, including PowerPoints,

asserting claims for copyright infringement, 17 U.S.C. § 101, *et seq.,* and violations

of the Digital Millennium Copyright Act ("DMCA"), *id.* § 1201, *et seq.* Pl.'s Compl.,

---

[1] The district judge to whom this case is assigned referred this case for all pretrial proceedings in
accordance with 28 USC § 636(b). Order, ECF No. 17.

ECF No. 1 at ¶ 12 ("complaint").[2] Defendants assert that Plaintiff has failed to state a claim for relief for each of its claims. ECF No. 20. In response, Plaintiff argues that its complaint is sufficient to put the Defendants on notice of its claims and the motion should be denied. Pl.'s Resp., ECF No. 25. Based on a careful review of the complaint, the filings, and the applicable law, the Court concludes that the motion should be granted regarding the claims against Defendant ISM – Houston because Plaintiff has failed to plead sufficient acts that ISM-Houston committed to infringe the copyright or violate the DMCA. The motion otherwise lacks merit and should be denied.[3]

## I.    BACKGROUND

Plaintiff "offers in-person and online training courses for procurement professionals." ECF No. 1 at ¶¶ 2, 17. ADR also licenses training materials, including PowerPoint and online e-Learning presentations, to third parties who pay a fee for the right to use ADR's intellectual property. *Id*. ¶¶ 2, 17. Defendants similarly offer in-person and online training courses and provide training materials and presentations to clients. *Id*. ¶¶ 4, 7. ADR North America, LLC ("ADR NA") was formerly ADR's affiliate. *Id*. ¶ 19. In 2012, ISM acquired ADR NA, gaining access

---

[2] Plaintiff asserts the following causes of action: (1) copyright infringement; (2) DMCA violations under 17 U.S.C. §§ 1202, 1203; and (3) application for preliminary injunction. ECF No. 1.

[3] A motion to dismiss is a dispositive motion appropriate for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A); *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016).

to the training materials ADR licensed to ADR NA; ADR terminated that license in 2016. *Id*. ¶¶ 20–21.

ADR asserts that, in 2020, it received a marketing e-mail from ISM about a webinar it offers. *Id*. ¶¶ 5, 22. ADR alleges that ISM attached a presentation to the e-mail that was a copy of ADR's training materials on the same subject. *Id*. ¶¶ 5, 22. ADR also alleges that "[a] review of ISM's publicly available webinars and e-Learning courses shows that most (and quite possibly all) of them use ADR's copyrighted training materials." *Id*. ¶ 6 (including six side-by-side comparison examples of ADR and ISM slides). One side-by-side comparison example Plaintiff provided is shown below.



| ADR Slide | ISM Slide |

ECF No. 8 at ¶ 6.

ADR asserts that "ISM changes the color of a graph here, or the size of a chart there, in a futile attempt to disguise how it is copying its competitor." *Id*. ¶ 23. "Such

efforts are a thin veil over the facially obvious copying, as evidenced by recurring instances of verbatim, or nearly verbatim text and presentation choices." *Id*. ADR further alleges that "ISM improperly uses ADR materials in at least seven other courses," which it contends is likely "just the tip of the iceberg, for ISM offers numerous in-house client workshops, webinars, and online trainings (such as e-Learnings) that are not publicly accessible." *Id*. ¶ 24. Additionally, "ISM and its individual chapters, such as ISM-Houston, continue distributing ADR's copyrighted training materials—and falsely passing them off as original ISM work product— despite notice of infringement." *Id.* ¶ 7.

Based on these allegations, ADR first asserts that Defendants "copied one or more constituent and original elements of ADR's copyrighted training materials . . . infring[ing] upon each of ADR's two copyrights." *Id.* ¶ 29. ADR also asserts that Defendants' "distribut[ion] [of] works and/or copies of the works knowing that CMI [copyright management information] has been removed, altered, and/or falsified without authority of the copyright owner or the law" violates the DMCA. *Id.* ¶ 37.

In its motion, Defendants make three main arguments for dismissal: (1) Plaintiff has not pleaded sufficient facts to establish any actionable misconduct by ISM-Houston; (2) Plaintiff has not pleaded facts sufficient to identify the particular works at issue; and (3) even if the complaint contains sufficient factual matter, Plaintiff's DMCA claims are entirely implausible.

4

## II.  THE LEGAL STANDARD FOR A MOTION TO DISMISS.

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Int'l v. Napoli*, 748 F. Supp. 2d 656, 664-65 (S.D. Tex. 2010). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The complaint must include more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). A complaint must "contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the pleaded factual contents allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bowlby v. City of Aberdeen, Miss.,* 681 F.3d 215, 219 (5th Cir. 2012). "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Culliver v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

5

The ultimate question "is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *Brown v. Bd. of Trustees Sealy Indep. Sch. Dist.*, 871 F. Supp. 2d 581, 590 (S.D. Tex. 2012). "[I]n considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true." *Duke Energy Int'l*, 748 F. Supp. at 665. "[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded." *Farshchi v. Wells Fargo Bank, N.A.*, No. H-15-1692, 2016 WL 2858903, at *2 (S.D. Tex. May 13, 2016) (citing *Flynn v. State Farm Fire & Cas. Ins. Co.*, 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009)).

## III.  PLAINTIFF ADEQUATELY STATES CLAIMS FOR COPYRIGHT INFRINGEMENT AND DMCA VIOLATIONS AS TO DEFENDANT ISM BUT HAS NOT ALLEGED SUFFICIENT FACTS AGAINST DEFENDANT ISM-HOUSTON.

Defendants contend that Plaintiff's claims must be dismissed because Plaintiff has not pleaded sufficient facts to establish ISM-Houston committed any actionable misconduct, Plaintiff failed to identify the particular works at issue, and the DMCA claims are implausible. ECF No. 20 at 6–24. The Court will analyze each of Defendants' arguments after briefly discussing the pleading requirements for each claim.

### A. The Pleading Requirements for Copyright Infringement and DMCA Claims.

To plead a copyright infringement claim, a plaintiff must allege sufficient facts to show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Kipp Flores Architects, LLC v. Pradera SFR, LLC*, No. SA-21-CV-00673, 2022 WL 1105751, at *4 (W.D. Tex. Apr. 13, 2022) (quoting *Gen. Univ. Sys., Inc. v. Lee*, 379 F.3d 131, 142 (5th Cir. 2004)) (cleaned up). At the pleadings stage, the allegations for a copyright infringement claim need not be "factually specific as to particular documents or data, or the methods [a defendant] allegedly used to copy the Subject Works[.]" *FloaTEC, LLC v. Magnuson*, No. H-13-2313, 2013 WL 5873363, at *3 (S.D. Tex. Oct. 30, 2013). However, the allegations must provide the defendant with notice of the claims against it. *See Kipp Flores*, 2022 WL 1105751, at *4 (finding the plaintiff's allegations of infringement sufficient to give the defendant notice of the claims against it); *FloaTEC*, 2013 WL 5873363 (same).

Section 1202 of the DMCA protects the "integrity of copyright management information [CMI]." *Energy Intel. Grp., Inc. v. Kayne Anderson Cap. Advisors, L.P.*, 948 F.3d 261, 276 (5th Cir. 2020) (quoting 17 U.S.C. § 1202(b)). CMI is information conveyed in connection with copies of a work, including the title of the work, the author of the work, the name of the copyright owner, other information contained in a notice of copyright, and terms of conditions for use of the work. *Huffman v.*

7

*Activision Publ'g, Inc.*, No. 19-CV-50, 2020 WL 8678493, at \*10-12 (E.D. Tex. Dec. 14, 2020), *report and recommendation adopted*, 2021 WL 2141352 (E.D. Tex. May 26, 2021) (citing 17 U.S.C. § 1202(c)). Section 1202 creates causes of action for false CMI and for removal or alteration of CMI. 17 U.S.C. § 1202(a)-(b).

### B. Plaintiff Failed to Attribute Specific Acts of Copyright Infringement and DMCA Violations to ISM-Houston.

Defendants argue that Plaintiff's claims as to ISM-Houston should be dismissed because Plaintiff fails to allege any facts showing that ISM-Houston is liable for copyright infringement or violations of the DMCA. ECF No. 20 at 16–17. Defendants also assert "the only pertinent allegations concerning ISM-Houston are conclusory statements conflating ISM and ISM-Houston." ECF No. 20 at 16. Plaintiff contends its factual allegations against ISM-Houston provide fair notice of its claims. ECF No. 25 at 11–12. After reviewing Plaintiff's complaint, the Court concludes Plaintiff has not sufficiently pleaded specific acts attributable to ISM-Houston.

Rule 8 provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Fifth Circuit has explained that a plaintiff's pleading does not comply with Rule 8(a)(2) when the plaintiff fails to allege specific acts of copyright infringement that each defendant committed. *See Taylor v. IBM*, 54 F. App'x 794 (5th Cir. 2002) (per curiam). Lower courts in this circuit have dismissed infringement claims that

8

failed to "attribute specific acts of infringement to each defendant." *See, e.g.,* *Springboards to Educ., Inc. v. Kipp Found*., No. 3:16-CV-2436-G, 2017 WL 3917701, at *4 (N.D. Tex. Sept. 7, 2017).

As in *Taylor* and *Springboards*, here Plaintiff pleaded its claims against "Defendants" as a group without differentiation of the acts each committed. ECF No. 1 at ¶¶ 29–30, 35, 37–38. For example, regarding copyright infringement, Plaintiff alleges that "Defendants copied . . . ADR's training materials" and, as to DMCA violations, that "Defendants . . . stripped any notice of copyright . . . and replaced this information with ISM's name and logo." *Id.* ¶¶ 29, 35. Although Plaintiff also attributed specific acts of infringement and DMCA violations to ISM, it did not attribute any specific acts to ISM-Houston. *Id.* ¶¶ 3–7, 20–26. For example, Plaintiff alleged "the following side-by-side comparison of exemplar ADR and ISM slides . . . show that ISM repeatedly copied . . . from ADR's slides . . .." *Id.* ¶ 6. Plaintiff alleges ISM-Houston had notice of infringement, *id.* ¶ 7, but alleges no specific facts to support the assertion that ISM-Houston copied its works or otherwise violated the DMCA.

Nevertheless, Plaintiff argues that "Defendants' real complaint appears to be that ADR has not alleged details as to the relationship between ISM and ISM-Houston or the specific individuals from either entity who committed acts of copyright infringement or CMI manipulation." ECF No. 25 at 12 (citing *Energy*

*Intel. Grp., Inc. v. Bank of Am., N.A.*, No. 4:17-CV-3767, 2018 WL 3303166, at *7 (S.D. Tex. July 5, 2018) (Ellison, J.)). Plaintiff's restatement of Defendants' argument is without merit. Defendants object to Plaintiff's group pleading and failure to delineate the acts that ISM-Houston specifically committed distinguished from the acts that ISM committed as Rule 8 requires.

Moreover, the case Plaintiff cites, *Energy Intelligence*, does not support Plaintiff's argument. In that case, the plaintiff sued a single defendant for copyright infringement. *Energy Intel.*, 2018 WL 3303166, at *3. The court denied the defendant's motion to dismiss that was based in part on its assertion that the claims fail as to four of six publications plaintiff alleged were infringed because the complaint contained only exemplary allegations of two of the six publications. *Id.* at *7. The court found defendant's reliance "on cases holding 'that plaintiffs must adequately allege specific acts of infringement by each defendant'" did not apply to require specific pleadings about the multiple *publications* infringed; and since the case was brought against a single defendant, it was free of that problem. *Id.* Instead, the court found the pleading sufficiently identified the copyrights at issue, the relevant time period, and the individuals likely involved in the infringement, and that information regarding the four other publications was "within the possession and control of defendant[,] … which are inaccessible to [plaintiff] until discovery commences." *Id.*

Because Plaintiff failed to allege specific acts of copyright infringement or DMCA violations against ISM-Houston, these claims should be dismissed without prejudice. *See Springboards*, 2017 WL 3917701, at *4 (dismissing without prejudice the plaintiff's infringement claims because it did not attribute specific acts of infringement to each defendant).

## C. Plaintiff Sufficiently Pleaded Facts To Identify the Infringing Training Materials at Issue.

Defendants next argue that Plaintiff's copyright infringement claims should be dismissed because "[t]he Complaint does not sufficiently identify which of the parties' respective training materials are at issue." ECF No. 20 at 17. Here, Defendants solely challenge whether Plaintiff sufficiently pled the training presentations at issue with enough identifying detail. ECF No. 20 at 17–21.[4]

---

[4] Although Defendants challenge the sufficiency of pleadings for both the copy right and DMCA claims, in its motion, Defendants focus almost exclusively on arguing the complaint does not sufficiently identify the training materials at issue in relation to Plaintiff's copyright infringement claim. *See* ECF No. 20 at 17-21. As to Plaintiff's claim of a DMCA violation, Defendants assert that "[l]ikewise, under Sections 1202(a) and (b) of the DMCA, a plaintiff must plead facts sufficient to show 'the existence of CMI in connection with a copyrighted work' as well as prohibited conduct and the necessary intent and knowledge," ECF No. 20 at 17–18 (citing *Kipp Flores*, 2022 WL 1105751, at *5, and 17 U.S.C. §§ 1202(a)-(b) (listing statutory requirements for violations under § 1202 of the DMCA)). However, aside from the conclusory assertion that Plaintiff failed to sufficiently identify the training materials at issue for its DMCA violation claim, "the body of the [Defendant's] brief does not discuss it in any depth." *United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010). It is "not enough to merely mention or allude to a legal theory." *Id*. at 446 (quotations removed). Although Defendants' assertion regarding whether Plaintiff sufficiently identified the training materials at issue in relation to Plaintiff's DMCA claim is unavailing for much the same reasons the Court discusses, because Defendants did not adequately brief its assertion, the Court does not address it. *See JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (argument waived for inadequate briefing when a party fails to identify the relevant legal standards or merely mentions or alludes to a legal theory).

Plaintiff contends that "ADR's Complaint far exceeds Rule 8's requirement." ECF No. 25 at 13. Plaintiff explains that "[i]t identifies ADR's copyrighted work by registration number" and "depicts multiple examples of infringement . . . using side-by-side pictures." *Id*. In reply, Defendants contend that "ADR's failure to identify the subject matter of its suit warrants dismissal." Defs.' Reply, ECF No. 28 at 9. The Court agrees with Plaintiff.

Allegations provide the defendant with notice of the works at issue when the plaintiff alleges a valid registered copyright, the defendant's access to the work(s), and copying. *See FloaTEC*, 2013 WL 5873363, at *3 (holding that "plaintiff's pleading passe[d] muster under Rule 8" where the plaintiff alleged that "it owns a valid copyright through registering the Subject Works" and "[defendant] misappropriated [the] documents and used the data to create the Infringing Works."); *see also Kipp Flores*, 2022 WL 1105751, at *4 (finding the plaintiff's allegations sufficient to give the defendant notice of the claims against it when the plaintiff alleged both that the defendant had access to the plans and that the defendant copied one of plaintiff's plans "including the overall look and feel of the works and the selection and arrangement of the constituent parts of the works.").

The allegations in Plaintiff's complaint satisfy Rule 8. Specifically, Plaintiff avers ADR owns two valid copyright registrations for its training materials, Nos. TXu002303869 and TXu002303872. ECF No. 1 at ¶ 28. It further alleges that

ISM had access to ADR's training materials. As early as 2012, ISM acquired ADR NA, which had an exclusive license that ADR terminated in 2016 after the acquisition. *Id.* ¶¶ 3, 19–21.

Additionally, Plaintiff sufficiently alleges ISM copied its training materials. In 2020, Plaintiff alleges, it received a marketing e-mail from ISM "[that] attached a 'Variable Cost Analysis' presentation that it recognized, because the ISM presentation copied ADR's training materials on the same subject." ECF No. 1 at ¶ 5. Plaintiff also alleges that "[a] review of ISM's publicly available webinars and e-Learning shows that most (and quite possibly all) of them use ADR's copyrighted training materials." *Id*. ¶ 6. "For example, almost 40% of the slides in ISM's 'Cost & Price Segmentation' training presentation are copied from ADR's copyrighted training materials." *Id*. ¶ 23. Further, Plaintiff provided six specific examples of the works it alleges ISM infringed and of ISM's works it alleges are infringing in side-by-side comparisons. *Id.* ¶ 6.

The cases Defendants rely on are distinguishable because the plaintiffs in each of those cases failed to plead facts sufficient to provide the defendant with fair notice. *See Bitetto v. Rometty*, No. 1:17-CV-658, 2018 WL 941736, at *2 (N.D.N.Y. Feb. 16, 2018) (allegation that the defendant sold an infringing book without identifying the book held to be insufficient); *Shaheed-Edwards v. Syco Ent., Inc*., No. CV 17-06579, 2017 WL 6403091, at *3 (C.D. Cal. Dec. 14, 2017) (allegations that the

chorus, concept, and cadence of the two songs were similar held insufficient because merely conclusory); *Tr. Safe Pay, LLC v. Dynamic Diet, LLC*, No. CV-17-10166, 2017 WL 3974949, at *5–6 (D. Mass. Sept. 8, 2017) (allegations that the defendants visited the plaintiff's website repeatedly, and that that the defendants' websites would be changed in the exact ways the plaintiff would change its website held insufficient because conclusory, failed to identify the specific protected content, and failed to explain how the defendants' conduct violated the plaintiff's copyright protection); *Balik v. Spiral Toys Inc*., No. CV 15-8112, 2016 WL 7496134, at *3 (C.D. Cal. Feb. 1, 2016) (no allegation that the plaintiff owned a copyright in a work and no identification of any original elements of the plaintiff's work the defendants copied); *Dorchen/Martin Assocs., Inc. v. Brook of Cheboygan, Inc*., 838 F. Supp. 2d 607, 612 (E.D. Mich. 2012) (no description of the manner in which the alleged work infringed on the plaintiff's product, thus no adequate notice of the claim against the defendants); *Norman v. B.E.T. Television*, No. 2:16-CV-113, 2016 WL 7048894, at *2 (N.D. Ind. Dec. 5, 2016), *aff'd sub nom*. *Norman v. Black Ent. Television LLC*, 696 F. App'x 754 (7th Cir. 2017) (allegations insufficient to give the defendant fair notice of the factual basis for the plaintiff's claims).

Defendants further complain that Plaintiff does not sufficiently identify all the works at issue in the complaint. This argument is without merit. Although Plaintiff

did not identify every training presentation it claims ISM infringed or is infringing,[5]

it is not required to do so. Defendants possess *all* the alleged infringing training

materials, and Plaintiff pleaded access only to some. *See Pierce v. Hous. Cmty. Coll.

Sys.*, No. 4:21-CV-00346, 2022 WL 4292337, at *2 (S.D. Tex. Sept. 15, 2022)

(Ellison, J.) ("[Plaintiff] did not offer detailed allegations about how the electronic

Title IX reporting system failed. But how could she? Before discovery, the

information about how the electronic system worked was exclusively in the hands

of [Defendant]" (citing *Flagg v. Stryker Corp.*, 647 F. App'x 314, 317–18 (5th Cir.

2016))). In such cases, "it is not necessarily the plaintiff's responsibility to provide

---

[5] Defendants argue that "ADR should be able to identify—or has already identified—the alleged infringing works 'that are not publicly accessible' because, according to the declaration of ADR's CEO attached to the PI Application, ADR has had access to those materials, and has been investigating those materials, since about October 2020." ECF No. 20 at 14 (citing Jackson Decl., ¶ 11, ECF No. 16-15). As Defendant acknowledged, Plaintiff attached the Jackson declaration to its application for preliminary injunction, not its complaint. ECF No. 16. When considering a motion to dismiss, the court's analysis "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Jackson declaration does not fall into any of those categories. Nonetheless, a "judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them." *Alviarez v. Goya Foods, Inc.*, No. CV H-22-376, 2023 WL 159771, at *3 (S.D. Tex. Jan. 11, 2023) (quoting *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001)). However, "[a] statement made during the course of a lawsuit—even a statement made in a pleading filed with the court—should be considered a judicial admission only 'if it was made intentionally as a waiver, releasing the opponent from proof of fact.'" *Mays v. Dir., Off. of Workers' Comp. Programs*, 938 F.3d 637, 647 (5th Cir. 2019). Even if the Jackson declaration was properly before the Court, the statement does not stand for what Defendants suggests. At most, the declaration shows that ADR had access to some, but not all, of the alleged infringing works. Jackson Decl., ¶11, ECF No. 16-15. Likewise, the email Defendants attached to their motion, ECF Nos. 20-1–20-7, is outside of the pleadings and thus not properly considered on a motion to dismiss. *Lone Star*, 594 F.3d at 387.

that information in [its] complaint." *Energy Intel.*, 2018 WL 3303166, at *7 (quoting *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018)) (cleaned up).

Alleging copyright infringement based on examples of infringement, as Plaintiff did here, ECF No. 1 at ¶ 6, is sufficient to state a plausible claim. "[T]here are enough other factual allegations in the complaint to allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Innova*, 892 F.3d at 729 (holding that plaintiffs alleging claims "for plan benefits need not necessarily identify the specific language of every plan provision at issue to survive a motion to dismiss under Rule 12(b)(6)") (quotations removed); *Energy Intel.*, 2018 WL 3303166, at *7 (holding that where plaintiff had adequate allegations about two infringing works, it was not required to plead information related to four additional infringing works when the evidence was likely on the defendant's servers and computers and inaccessible to the plaintiff until discovery commenced).

Thus, Plaintiff pleaded "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of additional infringing training presentations. *Twombly*, 550 U.S. at 556. Accordingly, Plaintiff's allegations sufficiently identify the works at issue to put ISM on notice of a claim against it for copyright infringement. *See Kipp Flores*, 2022 WL 1105751, at *4; *Energy Intel.*, 2018 WL 3303166, at *7; *FloaTEC*, 2013 WL 5873363, at *3.

### D. The Fact That Plaintiff Pleaded CMI Removal, Alteration, and/or Falsification From "Copies" Rather Than "Identical Copies" Does Not Remove It From § 1202's Protection.

Defendants argue that Plaintiff's DMCA claims should be dismissed because they are implausible. Specifically, Defendants assert that the claims fail because Plaintiff failed to allege the works were identical. ECF No. 20 at 21–24. Defendants additionally assert that Plaintiff's failed to allege that Defendants falsified, removed, or altered CMI from ADR's original work. *Id.* at 23.

#### 1. The DMCA is not limited to CMI conveyed in connection with identical copies of a work.

Defendants argue that Plaintiff's DMCA claims[6] are insufficient. ECF No. 20 at 21–24. According to Defendants, the main issues are that Plaintiff alleges infringing works that are similar, not identical, to ADR's copyrighted works. *Id.* at 21–22. Additionally, Plaintiff alleges that Defendants placed their name and logo on Defendants' works, not ADR's works. *Id.* In their reply, Defendants assert that both the plain statutory language and legislative history of the DMCA support their view.

---

[6] Plaintiff alleges in its complaint that Defendants: (1) reproduced and displayed text from Plaintiff's copyrighted materials; (2) repeatedly copied the language and presentation from Plaintiff's copyrighted materials; (3) falsely passed off Plaintiff's copyrighted materials as original ISM work product; (4) willfully altered the slides by removing the legend identifying them as Plaintiff's copyrighted materials; (4) stripped any notice of copyright, the author's name, surrounding literary text, or other information identifying the work or the work's author; (5) replaced that information with ISM's name and logo; (6) then falsely claimed to be the author and owner of the infringing materials; (7) distributed the works or copies of the works; (8) with knowledge that CMI had been removed, altered, and/or falsified without authority; and (9) had reasonable grounds to know that such actions would induce, enable, facilitate, or conceal an infringement of the copyrighted training materials. ECF No. 1 at ¶¶ 6-7, 35, 37-39.

ECF No. 28 at 9–11. Therefore, Defendants argue that Plaintiff's DMCA claims are implausible because the alleged infringing works are not identical to Plaintiff's works. *Id.* at 9.

In response, Plaintiff asserts that "Defendants' position finds no support in the unambiguous text of the statute," which "does not add an additional requirement that the CMI must be associated with . . . an otherwise identical duplicate." ECF No. 25 at 19 (citing *Huffman*, 2020 WL 8678493, at *12). Plaintiff argues that "[n]othing in the DMCA mandates that the removed, altered or falsified CMI must appear in an original or identical work to obtain relief under the statute. In fact, the DMCA makes no mention of original or identical works at all—and it is black letter law that courts cannot add terms to unambiguous statutes." *Id.* (citing *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 138 S. Ct. 617, 631 (2018)); *Thomas v. Reeves*, 961 F.3d 800, 821 (5th Cir. 2020). Further, Plaintiff argues that alleging that Defendants "substantially or entirely reproduced" its works is sufficient under § 1202. *Id.* at 23 (quoting *Fischer v. Forrest*, 286 F. Supp. 3d 590, 609 (S.D.N.Y. 2018)).

"The appropriate starting point when interpreting any statute is its plain meaning." *Salazar v. Maimon*, 750 F.3d 514, 518 (5th Cir. 2014). Then the court determines whether "the statutory scheme is coherent and consistent." *Id*. If so, the court's inquiry ceases because when "the statute is clear, the inquiry is at its end, and

we enforce the statute on its terms." *In re Miller*, 570 F.3d 633, 638 (5th Cir. 2009)

(quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)).

> **a.    *Statutory construction of § 1202 shows the language is "unambiguous" as to whether CMI is restricted to identical copies.***

The court must first "look to the particular statutory language at issue, as well

as the language and design of the statute as a whole." *Salazar*, 750 F.3d at 518. Then,

the court must "determine whether the language at issue has a plain and

unambiguous meaning with regard to the particular dispute in the case." *Id*.

(quotations removed). Here, the dispute is whether CMI, as defined in § 1202(c) and

contained in § 1202 (a)-(b), is restricted to falsification and removal or alteration in

connection with identical copies of works.

Section 1202(a) provides the following:

> **(a) False copyright management information**. --No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement—
>
> > (1)  provide copyright management information that is false, or
> >
> > (2) distribute or import for distribution copyright management information that is false.

17 U.S.C. § 1202(a)(1)-(2).

Section 1202(b) provides the following:

> **(b) Removal or alteration of copyright management information.** --No person shall, without the authority of the copyright owner or the law—

19

(1) intentionally remove or alter any copyright management information,

(2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or

(3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

*Id.* § 1202(b)(1)-(3).

Additionally, § 1202(c) defines CMI, which in its relevant parts provides the following:

**(c) Definition.**--As used in this section, the term 'copyright management information' means any of the following information *conveyed in connection with copies* or phonorecords *of a work* or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or *of a copy*, phonorecord, performance, or display of a work:

(1) The title and other information identifying the work, including the information set forth on a notice of copyright.

(2) The name of, and other identifying information about, the author of a work.

(3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright. . ..

*Id.* § 1202(c)(1)-(3) (emphasis added).

Thus, §1202 creates causes of action for false CMI and for removal or alteration of CMI. *Id.* § 1202(a)-(b). CMI is defined as "information conveyed in connection with copies . . . of a work. . . ." *Id.* § 1202(c).

When interpreting a statute, the court "does not look at a word or a phrase in isolation. The meaning of a statutory provision is often clarified by the remainder of the statutory scheme . . .." *Ramos-Portillo v. Barr*, 919 F.3d 955, 960 (5th Cir. 2019). Here, § 1202 is contained in Title I of the DMCA, which in turn is contained in Chapter 12 of the Copyright Act. *See Textile Secrets Int'l, Inc. v. Ya-Ya Brand Inc.*, 524 F. Supp. 2d 1184, 1195 (C.D. Cal. 2007). Section 101 of the Copyright Act defines "copies" as "material objects, other than phonorecords, in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 101. Thus, to qualify as a copy under the DMCA, "the allegedly infringing work must be fixed in some tangible form, from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." *Columbia Pictures Indus., Inc. v. Galindo*, No. 20-CV-3129, 2022 WL 17094713, at *8 (C.D. Cal. Nov. 18, 2022).

Significantly, the definition of "copies" lacks any requirement for an identical copy. *See* 17 U.S.C. § 101. Thus, the §101 definition of "copies" "strongly supports the notion that copies include more than just the original work." *Huffman*, 2020 WL 8678493, at *12.

Based on the plain wording of the statute, the Court is not persuaded that the DMCA includes an "identical copy" requirement. *Cf. Interplan Architect, Inc. v. C.L. Thomas, Inc.*, No. 4:08-CV-3181, 2009 WL 6443117, at *5 (S.D. Tex. Nov. 13, 2009) ("Because there is no textual support for Morris's contention that Section 1202 should be limited to technological processes, this Court declines to import such a limitation.").

> **b.    Cases discussing the scope of § 1202 do not support inserting the term "identical" into its plain language.**

All but one of the cases Defendants rely on are inapposite. Contrary to their argument, Defendants' cases do not require a plaintiff to plead allegedly infringing works are identical copies. The one case that requires identical copies is not well reasoned.

In arguing that the DMCA only applies to identical copies, Defendants rely on *Kirk Kara*. ECF No. 28 at 11–12 n.7 (citing *Kirk Kara Corp. v. W. Stone & Metal Corp.*, No. CV 20-1931-DMG, 2020 WL 5991503, at *6 (C.D. Cal. Aug. 14, 2020)). Although the court in *Kirk Kara* held the DMCA requires identical copies, the caselaw it cited does not support its holding. *Kirk Kara*, 2020 WL 5991503, at *6.

The court relied on *Fischer*, 286 F. Supp. 3d at 609-10, which did not employ an identical copies requirement. To the contrary, the *Fischer* court stated that "[i]n those cases where claims of removal of CMI have been held viable, the underlying work has been *substantially* or entirely reproduced." *Fischer*, 286 F. Supp. 3d at 609 (emphasis added). Likewise, the *Kirk Kara* court cited two other cases, but neither mentioned nor employed an identical copies requirement. *See Kirk Kara*, 2020 WL 5991503, at *6 (citing *Kelly v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999), *aff'd in part, rev'd in part on other grounds*, 336 F.3d 811 (9th Cir. 2003)), and *Frost-Tsuji Architects v. Highway Inn, Inc.*, No. 13-00496, 2015 WL 263556, at *2 (D. Haw. Jan. 21, 2015), *aff'd*, 700 F. App'x 674 (9th Cir. 2017)). Because the cases the court relied on did not stand for the proposition that the DMCA only applies to identical copies, the *Kirk Kara* decision is unpersuasive. Moreover, as it is a Central District of California case, it is not binding precedent.

The other cases Defendants rely on are equally unpersuasive. For example, in *Crowley v. Jones*, No. 21-CV-5483, 2022 WL 2237453, at *7 (S.D.N.Y. June 22, 2022), the court concluded that the complaint at issue, which repeatedly described the defendants' allegedly infringing use as a "derivative work," did not state a claim for a DMCA violation. A derivative work is "a work based upon one or more preexisting works" and includes a "work consisting of . . . modification which, as a whole, represent an original work of authorship." 17 U.S.C. § 101. Here, unlike in

*Crowley*, Plaintiff does not claim that Defendant's allegedly infringing works are derivative works. To the contrary, Plaintiff repeatedly contends that the allegedly infringing works represent copies of ADR's work with only superficial alterations.[7] *See, e.g.,* ECF No. 1 at ¶ 6 ("ISM repeatedly copied the language and presentation from ADR's slides while making superficial changes to wording, colors, graphics, and layout.").

Similarly, in *Park v. Skidmore, Owings & Merrill LLP*, No. 17-CV-4473, 2019 WL 9228987, at *11 (S.D.N.Y. Sept. 30, 2019), the court concluded that the plaintiff did not state a claim for a DMCA violation because the defendants' building was "unquestionably a distinct work" from the plaintiff's work. In *Dominick R. Pilla, Architecture-Eng'g P.C. v. Gilat*, No. 19-CV-2255, 2022 WL 1003852, at *26 (S.D.N.Y. Mar. 29, 2022), the court concluded there was no genuine dispute of material fact as to a DMCA violation because the "[d]efendants [did] not inappropriately claim[] authorship over any of Plaintiff's copyrighted materials." Here, unlike in *Park* and *Dominick R. Pilla*, Plaintiff alleged Defendants copied its

---

[7] *See, e.g.,* ECF No. 1 at ¶ 5 ("In 2020, ADR received a marketing e-mail about one such webinar being offered by ISM. The e-mail attached a 'Variable Cost Analysis' presentation that ADR recognized, because the ISM presentation copied ADR's training materials on the same subject."); *id*. at ¶ 6 ("A review of ISM's publicly available webinars and e-Learning courses shows that most (and quite possibly all) of them use ADR's copyrighted training materials. Consider the following side-by-side comparison of exemplar ADR and ISM slides, which shows that ISM repeatedly copied the language and presentation from ADR's slides."); *id*. at ¶ 7 ("ISM and its individual chapters, such as ISM-Houston, continue distributing ADR's copyrighted training materials—and falsely passing them off as original ISM work product—despite notice of infringement.").

copyrighted training materials and provided factual bases for the allegation, including providing six side-by-side comparisons of Plaintiff's slides and ISM's allegedly infringing slides that do not appear to be derivative works, "unquestionably distinct" work, and the works claim authorship over what Plaintiff claims is its copyrighted work. ECF No. 1 at ¶ 6.

In *Kipp Flores*, the court held that, to establish a claim under the DMCA, the plaintiff must allege that CMI was once present on the work and later removed or taken off. 2022 WL 1105751, at *3. "'Removal' of CMI from a copyrighted work is not the same as the failure to add CMI to a nonidentical rendition or a derivative of the protected work." *Id.* Because the plaintiff alleged the defendant used her work to generate nonidentical renditions of the copyrighted works, the new work never included the plaintiff's CMI. *Id.* Thus, the court found "CMI cannot be 'removed' from a new work that never included CMI to begin with." *Id.* Likewise, in *RAZ Imports, Inc. v. Regency Int'l Bus. Corp.*, No. 3:19-CV-01855, 2020 WL 4500627, at *5 (N.D. Tex. Aug. 5, 2020), the court concluded the plaintiff's complaint did not allege a DMCA violation under §1202(b) because it did not contain an allegation that CMI was present on, removed from, or altered on its own work. Here, unlike in *Kipp Flores* and *RAZ*, Plaintiff alleges that Defendants reproduced Plaintiff's training materials without its CMI and replaced it with ISM's CMI. ECF No. 1 at ¶ 35 ("Defendants' infringing materials copy, reproduce, and display text from

ADR's copyrighted training materials, stripped of any notice of copyright, the author's name, surrounding literary text, or other information identifying the work or the author of the work. Defendants replaced this information with ISM's name and logo . . ..". At the pleading stage, this allegation is sufficient under Defendants' cited precedent.

Accordingly, none of the cases Defendants cite support the proposition that § 1202 requires a plaintiff to plead the allegedly infringing works are identical copies of the plaintiff's works. Further, although there is disagreement between courts within this circuit regarding when the DMCA applies, there is no Fifth Circuit precedent regarding the application of the DMCA to identical copies. *Compare Kipp Flores*, 2022 WL 1105751, at *3 (interpreting the plain meaning of "remove," finding DMCA does not apply when the plaintiff alleges CMI was removed from a new work that is a nonidentical or derivative rendition of the plaintiff's copyrighted works because the new work never had the CMI on it to be removed), *with Huffman*, 2020 WL 8678493, at *12 (nothing in § 1202(a) "exempts derivative works or a defendant's own work"). Moreover, because "when a statute's language is clear, [the court's] role is to enforce that language according to its terms," in the instant case, the fact that Plaintiff pleaded CMI removal, alteration, and/or falsification from copies is sufficient under § 1202. *Interplan Architect*, 2009 WL 6443117, at *5 (quoting *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 296

(2006)); *cf. GC2 Inc. v. Int'l Game Tech., IGT, Doubledown Interactive LLC*, 391 F. Supp. 3d 828, 843–44 (N.D. Ill. 2019) (None of the "cases cited by the defendants stands for the broad proposition that derivative or collaborative works are categorically excluded from protection under the DMCA's provision for removal of copyright management information. Indeed, the 'original work' language . . . is entirely a product of district court opinions focused on different language . . . .").

### c. Defendants show no congressional intent to limit § 1202 to identical copies.

Defendants ask the Court to insert or infer the term "identical" before the word "copies" in the § 1202(c) definition of CMI. ECF Nos. 20 at 21–24, 28 at 9–15. A court may depart from a statute's plain language if "the plain language [] lead[s] to absurd results, or . . . defeat[s] the intent of Congress." *Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). The court will only "depart from the plain language" of the statute if the legislative history demonstrates an "extraordinary showing of contrary congressional intent." *Grocery Servs., Inc. v. USDA Food & Nutrition Serv.*, No. H-06-2354, 2007 WL 2872876, at *5 (S.D. Tex. Sept. 27, 2007) (citing *Garcia v. United States*, 469 U.S. 70, 75 (1984)).

Here, Defendants rely on a review of the DMCA's legislative history contained in *Textile Secrets*, 524 F. Supp. 2d at 1195–99,[8] and two congressional

---

[8] In *Textile Secrets*, the work at issue included sample yardage fabric sold to a customer with the tag removed, which stated that the design is a registered work of the plaintiff. *Textile Secrets*, 524

reports, H.R. Rep. No. 105-551, pt. 2, at 25 (1998), and S. Rep. No. 105-190, at 8 (1998). The congressional reports the Defendants cite mention ease of copying and distributing digital works[9] and digital technology's enabling of the reproduction of perfect copies, which lends some support for the idea that Congress meant it to apply only to identical copies.[10] Or, to put it differently, it is *possible* to read the legislative history as supporting this view. However, Defendants do not cite to any legal authority, nor is the Court aware of any, that authorizes a court to disregard the plain language of a statute when it is merely possible to read a statute's legislative history to support a party's interpretation. *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 305 (3d Cir. 2011) ("Thus, while it is possible to read the legislative history to

---

F. Supp. 2d at 1192–93. The *Textile Secrets* court reviewed the DMCA's legislative history and noted that it could not "find that [§ 1202(b)] was intended to apply to circumstances that have no relation to the Internet, electronic commerce, automated copyright protections or management systems, public registers, or other technological measures or processes as contemplated in the DMCA as a whole." *Textile Secrets*, 524 F. Supp. 2d at 1201. This finding has no bearing on the issue before the Court here where the issue is whether the DMCA's § 1202 is limited to identical copies and involves PowerPoint slides allegedly distributed over the Internet. *See* ECF Nos. 20 at 21–24, 28 at 9–15.

[9] Defendants quote the following text from the Senate Report: "Due to the *ease with which digital works can be copied and distributed worldwide virtually instantaneously*, copyright owners will hesitate to make their works readily available on the Internet without reasonable assurance that they will be protected against massive piracy. Legislation implementing the treaties provides this protection and creates the legal platform for launching the global digital on-line marketplace for copyrighted works." ECF No. 28 at 9 (quoting S. Rep. No. 105-190, at 8 (1998)) (emphasis added).

[10] Defendants also quote the House Report, which states "[i]n contrast to the analog experience, digital technology enables pirates to reproduce and distribute *perfect copies* of works—at virtually no cost at all to the pirate. As technology advances, so must our laws. The Committee thus seeks to protect the interests of copyright owners in the digital environment, while ensuring that copyright law remain technology neutral." ECF No. 28 at 9 (quoting H.R. Rep. No. 105-551, pt. 2, at 25 (1998)) (emphasis added).

support the Station Defendants' interpretation of CMI, that history does not provide the 'extraordinary showing of contrary intentions' which would compel us to disregard the plain language of the statute."). Furthermore, Defendants do not show any congressional intent to limit the reach of the DMCA's § 1202(a)-(c) to CMI falsification, removal, or alteration involving identical copies. *See* ECF No. 28 at 9–10.

Moreover, "[w]hen interpreting a statute, all parts of a statute should be given effect, and an interpretation making any part superfluous or meaningless should be avoided." *Boyett v. Redland Ins. Co*., 741 F.3d 604, 611 (5th Cir. 2014). Here, if the legislature meant to limit "copies" to identical or perfect copies, then it need not have included the language it employed in § 101 to describe "copies" as material objects in which a work is fixed by *any* method from which the work can be perceived, reproduced, or otherwise communicated. *Cf. id.* at 612 (noting that if the legislature intended the defendant's meaning, it need not have included limiting language). Thus, giving full effect to the words of §1202(a)-(c) and § 101, so that none are meaningless, the Court concludes that the legislature did not intend to limit § 1202's protective scope to causes of action where CMI is conveyed in connection with identical or perfect copies.

Therefore, there is no justification, based on congressional intent, before the Court for adding the extra term of "identical" to the DMCA's plain language. *See*

*Huffman*, 2020 WL 8678493, at *12 ("It is black letter law that courts cannot add terms to an unambiguous statute." (citing *Holder v. Humanitarian Law Project*, 561 U.S. 1, 17 (2010); *Thomas*, 961 F.3d at 821)); *see also Murphy*, 650 F.3d at 305.

### 2. Plaintiff's DMCA claims should not be dismissed for failure to allege Defendants falsified, removed, or altered CMI from Plaintiff's original work.

Defendants additionally assert that Plaintiff's "[c]omplaint does not allege that Defendants falsified, removed, or altered CMI from ADR's original work." ECF No. 20 at 23. This argument is without merit.

Plaintiff pleaded these details in its complaint. *See* ECF No. 1 at ¶ 7 ("ISM has willfully altered the slides by removing the legend identifying them as copyrighted works owned by ADR"); *id*. at ¶ 35 (Defendants' infringing materials copy, reproduce, and display text from ADR's copyrighted training materials, stripped of any notice of copyright, the author's name, surrounding literary text, or other information identifying the work or the author of the work. Defendants replaced this information with ISM's name and logo, falsely claiming to be the author and copyright owner of the infringing materials."); *id*. at ¶ 37 ("Defendants distribute works and/or copies of the works knowing that CMI had been removed, altered, and/or falsified . . ..").

### 3. Plaintiff's DMCA claims should not be dismissed for failure to allege scienter.

Defendants also argue Plaintiff's complaint does not allege sufficient facts to

establish the DMCA's scienter requirements. ECF No. 28 at 6. Defendant's argument is without merit.

Defendants raised their argument that Plaintiff "allege[d] nothing to support the DMCA's scienter requirements" for the first time in their reply. ECF No. 28 at 6. Under Fifth Circuit law, a party cannot raise a new argument in its reply that should have been asserted in the motion. *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016). Thus, Defendants' argument fails.

Moreover, even if Defendants had timely asserted this argument in their motion, it fails. Allegations of a defendant's refusal "to cease and desist from further infringement" are sufficient to establish the scienter element of DMCA claims. *RAZ Imports*, 2020 WL 4500627, at *5 n.4. Here, Plaintiff alleged "ISM and its individual chapters, such as ISM-Houston, continue distributing ADR's copyrighted training materials—and falsely passing them off as original ISM work product—despite notice of infringement." ECF No. 1 ¶ 7. Thus, Plaintiff's DMCA claims should not be dismissed for failure to allege scienter. *See RAZ Imports*, 2020 WL 4500627, at *5 n.4 (determining that dismissing the plaintiff's DMCA claims for failure to allege scienter was not appropriate when the plaintiff alleged that "[d]espite having been provided actual notice by [Plaintiff] on several occasions that it [was] engaging in copyright infringement, [Defendant] . . . refused to cease and desist from further infringement" (quotations removed)).

## IV.    CONCLUSION

The Court recommends that Defendants' motion to dismiss, ECF No. 20, be **GRANTED in part and DENIED in part,** as follows:

Defendants' motion to dismiss should be **GRANTED** as to all claims asserted against ISM-Houston, and ISM-Houston should be **DISMISSED** without prejudice as a Defendant in this case. The Court also recommends that Plaintiff be **GRANTED** leave to amend its claims against ISM-Houston.

Defendants' motion to dismiss in all other respects should be **DENIED**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on February 24, 2023.

**Dena Hanovice Palermo**
**United States Magistrate Judge**